## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------

TIFFANY HYLTON                     :
1625 South Etting Street          :
Philadelphia, PA 19145         :
            Complainant,    :
                           :     Civil Case No.: _____
       v.                :
                           :     **JURY TRIAL DEMANDED**
MASTERY SCHOOLS OF CAMDEN, INC.    :
5700 Wayne Avenue         :
Philadelphia, PA 19144         :
            Defendant.      :

---------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Tiffany Hylton ("Plaintiff"), by and through her undersigned attorney, for her Complaint against the Mastery Schools of Camden, Inc., alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff initiates this action contending that Defendant interfered with and violated her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et seq.*, as amended by the Pregnancy Discrimination Act ("PDA"), and the Philadelphia Fair Practices Ordinance ("PFPO"), ultimately constructively discharging Plaintiff from her employment, gender (female), pregnancy/high-risk pregnancy, on the basis of her disability, such disability that Defendant regarded Plaintiff as having, and constructively discharging Plaintiff's employment in retaliation for her requests for an accommodation in connection to her pregnancy/high-risk pregnancy and disability, in violation of the ADA, Title VII as amended by the PDA, and the PFPO.  As a result, Plaintiff has suffered damages as set forth herein.

## PARTIES

2.      Plaintiff is a citizen of the United States and Pennsylvania and currently maintains a residence located at 1625 South Etting Street, Philadelphia, PA 19145.

3.      Defendant Mastery Schools of Camden, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and currently maintains a business located at 5700 Wayne Avenue, Philadelphia, PA 19144.

## JURISDICTION AND VENUE

4.      Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5.      On or about December 9, 2019, Plaintiff filed a Complaint with the Philadelphia Commission on Human Relations ("PCHR") which was dually filed with the with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 29 U.S.C. § 621, *et seq.*  Plaintiff's PCHR Complaint was docketed as 2019-12-17-2592 and the EEOC charge was docketed as EEOC Charge No. 17G-2020-00041C.  Plaintiff's PCHR Complaint and EEOC Charge were filed within three hundred (300) days of the unlawful employment practice.

6.      On November 30, 2020, the PCHR issued a Notice of Rights to Sue regarding her Complaint stating she had two years to file suit against Defendant.

7.      On April 30, 2021, the EEOC issued a Notice of Rights to Sue regarding her Complaint stating she had ninety (90) days to file suit against Defendant.

8.      Plaintiff filed this Complaint within the relevant statutory timeline.

9.      Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

10.      This action is authorized and initiated pursuant to the ADA and Title VII.

11.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12.     The Court has supplemental jurisdiction over Plaintiff's city ordinance claims because those claims arise out of the same nucleus of operative fact as the ADA and Title VII claims.

13.     The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the Defendant resides in this judicial district, doing business therein.

**FACTUAL BACKGROUND**

14.     Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15.     In or around July 2018, Defendant hired Plaintiff into the position of Kindergarten Teacher at Defendant's 1802 West Pike Street, Philadelphia, PA 19140 location.

16.     During her tenure with Defendant, Plaintiff received positive reviews, occasional praise, and no justifiable discipline.

17.     On or about April 19, 2019, Plaintiff learned she was pregnant.

18.     Shortly thereafter, April 22, 2019, Plaintiff notified Defendant of her pregnancy. Specifically, she notified Principle, Raymond Fields and Mr. Fields' assistant of her pregnancy.

19.     At that time, Plaintiff requested accommodations in connection to her pregnancy.

20.     Then, in or around June 2019, Plaintiff was diagnosed with Preeclampsia. Upon information and belief, Preeclampsia constitutes a disability within the meaning of the Americans with Disabilities Act ("ADA") and the Philadelphia Fair Practices Ordinance ("PFPO").

21.     Immediately, Plaintiff notified Defendant of her high-risk pregnancy and requested accommodations in connection thereto.

3

22. Indeed, Plaintiff made multiple requests for accommodations from three (3) Principles. On each occasion, her requested accommodations were denied.

23. At or around the time, Plaintiff overheard two (2) of Defendant's teachers making disparaging remarks regarding her high-risk pregnancy with Defendant's Assistant Principle being a party to the conversation. Specifically, the two (2) teachers stated "look at the show [Plaintiff] is putting on, pregnancy doesn't do that to people." Defendant's Assistant Principle did not take remedial and/or corrective action in response to their discriminatory statements, rather, Defendant's Assistant's Principle implicitly sanctioned their behavior.

24. On or about June 7, 2019, Plaintiff requested time off in connection to illness caused by her pregnancy. Her request for time off was denied by Defendant.

25. On or about June 7, 2019, Plaintiff attended work and worked a full day. Subsequently, Plaintiff was told by Racheal Mattson, she was permitted to leave work early.

26. Shortly thereafter, Plaintiff made three (3) separate requests to Mr. Fields for Defendant's ADA accommodation paperwork. Notably, Mr. Field provided no response to each request.

27. On or about June 13, 2019, was Plaintiff's last full day of work.

28. At the end of the workday, Plaintiff notified Mr. Fields she could not take it any longer, that she was not being accommodated and would likely need to resign.

29. By way of response, Mr. Fields directed Plaintiff to notify staff and parents she would be leaving for "medical reasons."

30. Based on the foregoing, it was evident that Defendant discriminated against Plaintiff on the basis of her gender (female), pregnancy and disability, that Defendant would not

accommodate her pregnancy/disability, that Defendant would continue to discriminate and fail to accommodate May 13, 2019.

31.    Notably, subsequent to her constructive discharge, Mr. Fields continued requesting she perform work on behalf of Defendant without compensation.

32.    Accordingly, Plaintiff believes and thus avers that she was subjected to discrimination on the basis of her gender (female), pregnancy/high-risk pregnancy, on the basis of her disability, such disability that Defendant regarded Plaintiff as having, and constructively discharging Plaintiff's employment in retaliation for her requests for an accommodation in connection to her pregnancy/high-risk pregnancy and disability, in violation of the ADA, Title VII as amended by the PDA, and the PFPO.

33.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to her reputation.

**COUNT I**
**TITLE VII – 42 U.S.C. § 2000e** *et seq.*
**PREGNANCY/GENDER DISCRIMINATION AND RETALIATION**

34.    Plaintiff repeats and incorporates the foregoing 33 paragraphs as though the same were fully set forth at length herein.

35.    Defendant employed at least fifteen (15) employees throughout its various office locations at all times material hereto.

36.    Defendant discriminated against Plaintiff on the basis of her gender (female) and/or pregnancy.

5

37.     Defendant's management, who had the authority to materially alter the terms and conditions of Plaintiff's employment, targeted her with discrimination on the basis of her pregnancy, a protected class within the meaning of Title VII, as amended by the PDA.

38.     Defendant took affirmative discriminatory action against Plaintiff on the basis of her gender (female) and/or pregnancy and in retaliation for her request for accommodations in connection thereto, by constructively discharging Plaintiff from employment.

39.     Defendant violated Title VII as amended by the PDA, in that Defendant constructively discharged Plaintiff on account of her gender (female), pregnancy, and/or in retaliation for her request for accommodations in connection thereto in connection thereto.

40.     Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

41.     Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a)      Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b)      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c)      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

d)      Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

e)      Pre-judgment interest in an appropriate amount; and

f)      Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101 *et. seq*.**
**DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE**

42.     Paragraphs 1 through 41 are hereby incorporated by reference as though the same were more fully set forth at length herein.

43.     At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act of 1990.

44.     Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

45.     Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as disabled, a protected class under the ADA.

46.     Defendant discriminated against Plaintiff on the basis of her actual and/or perceived disabilities, past record of impairment, and/or because Defendant regarded Plaintiff as disabled.

47.     Defendant retaliated against Plaintiff for her requests for reasonable accommodations in connection to her disability in violation of the ADA.

48.     Defendant constructively discharged her from employment because of her actual and/or perceived disabilities, and/or in retaliation for her requests for reasonable accommodations in connection to her disabilities, in violation of the ADA.

49.     It is further alleged that, by reasons of the foregoing, Defendant unlawfully failed to provide reasonable accommodations for Plaintiff's disability and failed to engage in the interactive process, in violation of the ADA.

50.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a)     Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b)     Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c)     Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

d)     Pre-judgment interest in an appropriate amount; and

e)     Such other and further relief as is just and equitable under the circumstances;

f)      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable federal law.

### COUNT III
### PHILADLEPHIA FAIR PRACTICES ORDINANCE
### § 9-1100, *et. seq*
### PREGNANCY/GENDER  DISCRIMINATION AND RETALIATION

51.     Paragraphs 1 through 50 are hereby incorporated by reference as if the same were more fully set forth at length herein.

52.     At all times relevant hereto, Plaintiff was an employee within the meaning of the Philadelphia Fair Practices Ordinance Code ("PFPO"), § 9-1100, *et. seq.*

53.     At all times relevant hereto, Defendant had at least one (1) employee.

54.     Defendant discriminated against Plaintiff on the basis of her gender (female) and/or pregnancy.

55.     Defendant's management, who had the authority to materially alter the terms and conditions of Plaintiff's employment, targeted her with discrimination on the basis of her pregnancy, a protected class within the meaning of the PFPO.

56.     Defendant took affirmative discriminatory action against Plaintiff on the basis of her gender (female) and/or pregnancy, and in retaliation for her request for accommodations in connection thereto, by constructively discharging Plaintiff from employment.

57.     Defendant violated the PFPO, that Defendant constructively discharged Plaintiff on account of her gender (female), pregnancy and in retaliation for her requests for an accommodation in connection thereto.

58.     Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

59.     Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, *inter alia,* loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.     Pre-judgment interest in an appropriate amount;

E.     Such other and further relief as is just and equitable under the circumstances; and

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

**COUNT IV**
**PHILADLEPHIA FAIR PRACTICES ORDINANCE**
**§ 9-1100, *et. seq***
**DISABILITY DISCRIMINATION/FAILURE TO ACCOMMODATE/RETALIATION**

60.     Paragraphs 1 through 59 are hereby incorporated by reference as if the same were more fully set forth at length herein.

61.     At all times relevant hereto, Plaintiff was an employee within the meaning of the Philadelphia Fair Practices Ordinance Code ("PFPO"), § 9-1100, *et. seq.*

62.     At all times relevant hereto, Defendant had at least one (1) employee.

63.     Plaintiff is a qualified individual with a disability within the meaning of the PFPO.

64.     Defendant was aware of Plaintiff's disabilities.

65.     Plaintiff requested a reasonable accommodation in connection to her disabilities.

66.     Defendant failed to accommodate Plaintiff's requests for a reasonable accommodation and engage in the interactive process in connection to her disabilities.

67.     Defendant discriminated against Plaintiff on the basis of her actual and/or perceived disabilities, past record of impairment, and/or because Defendant regarding Plaintiff as disabled, in violation of the PFPO.

68.     Defendant retaliated against Plaintiff for her requests for reasonable accommodations in connection to her disabilities, in violation of the PFPO.

69.     By reason of the foregoing, Defendant constructively discharged Plaintiff from her employment because of her actual and/or perceived disabilities and in retaliation for a reasonable accommodation in connection thereto, in violation of the PFPO.

70.     Additionally, Defendant failed to provide Plaintiff with a reasonable accommodation and failed to engage in the interactive process, in violation of the PFPO.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

G.      Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

H.      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

I.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

J.      Pre-judgment interest in an appropriate amount;

K.      Such other and further relief as is just and equitable under the circumstances; and

L.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury as to all issue so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:     */s/ Preeya Bansal*
        Preeya Bansal, Esq.
        Michael Murphy, Esq.
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        pbansal@phillyemploymentlawyer.com
        murphy@phillyemploymentlawyer.com
        Attorney for Plaintiff

Dated:  June 25, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to the same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.